OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on June 21, 2000, and maintains an office in Lackawanna. The Grievance Committee filed a petition alleging that respondent engaged in misconduct while he was an Associate Judge of the Lackawanna City Court, a position held by respondent from May 2007 through March 2013. Respondent filed an answer admitting material allegations of the petition and setting forth matters in mitigation, and he subsequently appeared before this Court and was heard in mitigation.
Respondent admits that, on December 7, 2012, the Lackawanna Police Department issued to an acquaintance of respondent a simplified traffic information charging the acquaintance with operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512), an unclassified misdemeanor. Respondent further admits that, on December 24, 2012, he spoke with the acquaintance at a social event and, when the acquaintance mentioned the traffic ticket, respondent took the ticket and stated that he would “take care of it.” Respondent admits that, on January 11, 2013, at respondent’s request, a court officer assigned to respondent’s courtroom appeared before respondent posing as the acquaintance. Respondent additionally admits that the court officer and respondent engaged in a colloquy on the record indicating that the acquaintance was submitting to respondent certain documents establishing that the alleged suspended registration was the result of an insurance company error. Following that colloquy, respondent from the bench stated that he was dismissing the traffic ticket in the interest of justice, remarking that the prosecutor, who was not present, would have agreed to dismissal of the matter. Respondent admits in this proceeding that the acquaintance neither appeared in respondent’s court nor submitted documentation regarding the insurance coverage for the vehicle in question. In March 2013, after the Office of Court Administration com *161 menced an investigation into respondent’s conduct at issue in this proceeding, respondent resigned his position as Associate Judge.
We conclude that respondent has violated the following Rules of Professional Conduct:
rule 8.4 (b) (22 NYCRR 1200.0) — engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;
rule 8.4 (c) (22 NYCRR 1200.0) — engaging in conduct involving dishonesty, deceit or misrepresentation;
rule 8.4 (d) (22 NYCRR 1200.0) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) (22 NYCRR 1200.0) — engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his longtime and substantial community involvement, as well as the fact that he derived no personal benefit from the misconduct. We have further considered that, when he became aware of the investigation initiated by the Office of Court Administration, respondent resigned from his judicial position and advised all parties involved to cooperate fully in the investigation. Finally, we have considered respondent’s expression of remorse to this Court, which we find to be sincere. Respondent, however, has committed serious misconduct. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of the Court.
Smith, J.P, Fahey, Carni and Sconiers, JJ., concur.
Order of suspension entered.